# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER,<br><br>                Plaintiff,<br><br>      v.<br><br>CALIFORNIA HEALTH CARE SERVICES, et al., | 1:17-cv-01374-GSA-PC<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ADD NEW EVIDENCE, WITHOUT PREJUDICE TO RENEWING THE MOTION WITHIN THIRTY DAYS AS INSTRUCTED BY THIS ORDER**<br>**(ECF No. 16.)** |

## I. BACKGROUND

Keith Reagan Carter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 12, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.)

On July 24, 2018, the court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 15.) On August 1, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 15.)

On March 13, 2019, Plaintiff filed a motion to present new evidence which the court construes a motion to amend or supplement the complaint. (ECF No. 16.)

## II. AMENDED AND SUPPLEMENTAL COMPLAINTS – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Fed. R.

Civ. P. 15(a). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Id. Here, because Plaintiff has already amended the complaint once and no other parties have appeared, Plaintiff requires leave of court to file a Second Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." Id. The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'" Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 713 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). A party may only file a supplemental complaint with leave of court. Id. When considering whether to allow a supplemental complaint, the court considers factors such as whether allowing supplementation would serve the interests of judicial economy; whether there is evidence of delay, bad faith or dilatory motive on the part of the movant; whether amendment would impose undue prejudice upon the opposing party; and whether amendment would be futile. See San Luis & Delta-Mendota Water Authority v. United States Department of the Interior, 236 F.R.D. 491, 497 (E.D. Cal. 2006) (citing Keith v. Volpe, 858 F.2d 467 (9th Cir. 1988), Foman v. Davis, 371 U.S. 178 (1962), and Planned Parenthood of S. Ariz. v. Neely, 130 F.3d 400 (9th Cir. 1997)).

**Discussion**

Plaintiff has filed a motion to present new evidence substantiating his claims, namely evidence that the $5.00 co-payments for Plaintiff's follow-up dental work were ended on March 1, 2019, "due to the fact that it was unreasonable and the receiver was initially paid to provide services while still charging a $5 co-pay." (ECF No. 16 at 1.) Plaintiff has not sufficiently

clarified whether he seeks to amend or supplement the complaint. Plaintiff has not indicated how he plans to add new evidence, or whether he expects to add new allegations, new defendants, and/or new claims to the complaint. It is not clear to the court whether Plaintiff plans to add allegations against new defendants based on events that occurred after the original Complaint was filed on October 12, 2017. Without such information the court is unable to properly consider whether to grant leave to file a supplemental or amended complaint.

Under Local Rule 137(c), "[i]f filing a document requires leave of court, such as an amended complaint . . , counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave." Therefore, Plaintiff's motion to add new evidence shall be denied, without prejudice, to renewing the motion accompanied by a proposed amended or supplemental complaint. Plaintiff shall be granted thirty days in which to renew his motion. If Plaintiff fails to renew the motion, this case shall proceed with the First Amended Complaint filed on August 1, 2018

**III. CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to add new evidence, filed on March 13, 2019, is DENIED without prejudice;
2. Within thirty days of the date of service of this order, Plaintiff may renew the motion accompanied by a proposed amended or supplemental complaint for the court's review;
3. If Plaintiff fails to renew his motion within thirty days, this case shall proceed with the First Amended Complaint filed on August 1, 2018.

IT IS SO ORDERED.

Dated: **March 18, 2019**        **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE