**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEITH REAGAN CARTER, | 1:17-cv-01374-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT (ECF No. 18.)** |
| v. | |
| CALIFORNIA HEALTH CARE SERVICES, et al., | **ORDER DISMISSING FIRST AMENDED COMPLAINT, WITH LEAVE TO AMEND (ECF No. 15.)** |
| | **ORDER FOR CLERK TO SEND PLAINTIFF A § 1983 COMPLAINT FORM** |
| | **THIRTY-DAY DEADLINE TO FILE SECOND AMENDED COMPLAINT** |

**I. BACKGROUND**

Keith Reagan Carter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 12, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 24, 2018, the court screened the Complaint pursuant to 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim, with leave to amend. (ECF No. 15.) On August 1, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 15.)

1

On March 13, 2019, Plaintiff filed a motion to add evidence to the complaint. (ECF No. 16.) On March 18, 2019, the court issued an order denying Plaintiff's motion, without prejudice to renewing the motion with additional information. (ECF No. 17.) On April 15, 2019, Plaintiff filed a motion for leave to file a supplemental complaint and lodged a proposed supplemental complaint. (ECF No. 18.) Plaintiff's motion is now before the court. Local Rule 230(*l*).

## II. SUPPLEMENTAL AND AMENDED COMPLAINTS -- RULE 15

Federal Rule of Civil Procedure 15(d) states, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15 distinguishes between supplementing and amending a complaint. In an amended complaint, a party may replead or add facts or claims arising prior to or contemporaneously with the allegations of the original complaint. See United States v. Hicks, 283 F.3d 380, 385 (D.C. Cir. 2002); Flaherty v. Lang, 199 F.3d 607, 613 n.3 (2d. Cir. 1999). A supplemental complaint addresses matters occurring after the original complaint is filed. Fed. R. Civ. P. 15(d). "While leave to permit supplemental pleadings is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

## III. DISCUSSION

Plaintiff has lodged a proposed supplemental complaint to update the facts in this case. In the original Complaint Plaintiff alleges that prison officials are collecting $5.00 co-payments from him and other inmates for follow-up medical and dental care in violation of state regulations. Now, Plaintiff seeks to submit evidence demonstrating that effective March 1, 2019, the California Department of Corrections and Rehabilitation and California Correctional Health Care Services are abolishing inmate copayment charges for medical and dental services.

///

///

///

In the proposed supplemental complain, Plaintiff includes factual allegations from after the filing of the original Complaint. As it is unclear whether Plaintiff intends to supersede any part of his original Complaint, the Court will grant Plaintiff an opportunity to file a Second Amended Complaint which includes all of his original and supplemental allegations in one pleading. Accordingly, the court will deny Plaintiff's motion for leave to file a supplemental complaint, dismiss Plaintiff's First Amended Complaint, and grant Plaintiff leave to file a Second Amended Complaint so that all of his allegations and claims can be presented in a single pleading.

Plaintiff is reminded that an amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his Second Amended Complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, the Court advises Plaintiff that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220, and filed within **thirty (30) days** of service of this order.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a supplemental complaint, filed on April 15, 2019, March 15, 2019, is DENIED;
2. The Clerk of Court shall provide Plaintiff with a § 1983 civil complaint form;
3. Plaintiff's First Amended Complaint, filed on August 1, 2018, is DISMISSED, with leave to file a Second Amended Complaint within thirty days of the date of service of this order, including all of Plaintiff's original and supplemental allegations;

3. The Second Amended Complaint must reflect case number 1:17-cv-01374-GSA-PC and contain Plaintiff's original signature; and

4. Plaintiff's failure to comply with this order may result in the dismissal of this case for failure to state a claim.

IT IS SO ORDERED.

Dated: **April 22, 2019**             **/s/ Gary S. Austin**
                                      UNITED STATES MAGISTRATE JUDGE