# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA HEALTH CARE SERVICES, et al.,<br><br>Defendants. | 1:17-cv-01374-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM**<br>**(ECF No. 20.)**<br><br>**OBJECTIONS, IF ANY, DUE IN FOURTEEN (14) DAYS** |

## I. BACKGROUND

Keith Reagan Carter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. On October 12, 2017, Plaintiff filed the Complaint commencing this action. (ECF No. 1.) On July 24, 2018, the court dismissed the Complaint for failure to state a claim, with leave to amend. (ECF No. 14.) On August 1, 2018, Plaintiff filed the First Amended Complaint. (ECF No. 15.)

On April 15, 2019, Plaintiff filed a motion for leave to file a supplemental complaint. (ECF No. 18.) On April 22, 2019, the court denied Plaintiff's motion for leave to file a supplemental complaint but granted Plaintiff leave to file a Second Amended Complaint. (ECF No. 19.) On May 3, 2019, Plaintiff filed the Second Amended Complaint. (ECF No. 20.)

The Second Amended Complaint is now before the court for screening. 28 U.S.C. § 1915A.

**II.      SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.     SUMMARY OF SECOND AMENDED COMPLAINT**

Plaintiff is currently incarcerated at Sierra Conservation Center in Jamestown, California. The events at issue in the Second Amended Complaint allegedly occurred at the California

///

///

Correctional Institution (CCI) in Tehachapi, California, when Plaintiff was incarcerated there in the custody of the California Department of Corrections and Rehabilitation (CDCR). Plaintiff names as defendants the California State Dental Health Receiver, CDCR, J. Sullivan (Warden) and Jassol (Nurse) (collectively, "Defendants").

Plaintiff alleges as follows. On November 22, 2016, Plaintiff received a free dental exam where it was recommended that all of his teeth be removed because of periodontal bone loss. Plaintiff agreed to the recommended treatment plan. On November 29, 2016, Plaintiff had two teeth extracted and discovered that his account had been debited $5.00 for a co-pay that should have been waived per CCR 15 § 3354.2(c)(4)(D). Plaintiff contends that he never submitted a CDCR 7632 form to initiate a treatment that had already been recommended, and therefore his visit was a follow-up visit.

Plaintiff filed a CDCR form 22 to request the return of his funds. The request was denied. Plaintiff then filed an administrative appeal and was denied the return of his $5.00 co-pay at all three levels of the appeals process. Plaintiff then filed a petition for writ of habeas corpus in Kern County Superior Court, which was denied.

On March 1, 2019, CDCR's Health Care Receiver abolished the $5.00 co-payment while this case was pending. Plaintiff seeks to obtain all of the $5.00 co-payments taken "during this time." 2ACP, ECF No. 20 at 4.

Plaintiff seeks to recover all of the $5.00 copayments taken from him and damages of $24,620.00.

**IV.  PLAINTIFF'S CLAIMS**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

### A. Eleventh Amendment Immunity

Plaintiff names the CDCR as a defendant. Plaintiff may not sustain an action against a state agency. The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991) (internal citations omitted); see also Tennessee v. Lane, 541 U.S. 509, 517 (2004);

///

///

Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267-68 (1997); Clark v. California, 123 F.3d 1267, 1269 (9th Cir. 1997). The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Beentjes v. Placer Cnty. Air Pollution Control Dist., 397 F.3d 775, 777 (9th Cir. 2005); Savage v. Glendale Union High Sch., 343 F.3d 1036, 1040 (9th Cir. 2003); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating that Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Because CDCR is a state agency, it is entitled to Eleventh Amendment immunity from suit. Therefore, the court finds that Plaintiff fails to state a claim against defendant CDCR.

### B. Personal Participation

"Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no *respondeat superior* liability under [§] 1983." Id. (citations omitted). Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Iqbal, 556 U.S. at 676; Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009).

In the Second Amended Complaint, Plaintiff fails to allege facts showing that any of the individual defendants personally acted against him. Plaintiff fails to attribute any personal act to the Receiver, Warden Sullivan, or Nurse Jassol. Plaintiff cannot state a claim against these defendants unless he demonstrates in his allegations that each of them, identified by name, personally acted or failed to act, violating Plaintiff's rights. Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire
///
///

v. California Dept. of Corrections and Rehabilitation, 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (*en banc*); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).

Therefore, the court finds that Plaintiff fails to state a claim against the Receiver, Warden Sullivan, or Nurse Jassol.

### C. Medical/Dental Claim -- Eighth Amendment

"Dental care is one of the most important medical needs of inmates. Accordingly, the Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989) (internal citations and quotation omitted). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

///

///

Plaintiff alleges that he suffered from periodontal bone loss. This allegation is sufficient to demonstrate a serious medical need. However, Plaintiff has not made allegations against any defendant that meet the standard for deliberate indifference to Plaintiff's dental health. Plaintiff has not identified his dentist by name or named the dentist as a defendant, and there are no allegations that the dentist or any other defendant disregarded a risk of harm to Plaintiff's dental health, causing him injury. Plaintiff alleges that he was examined by the dentist who recommended that his teeth be removed due to bone loss, and Plaintiff agreed with this treatment plan. At a later visit, two of Plaintiff's teeth were extracted.

Here, Plaintiff does not allege that any defendant failed to provide dental care to him or delayed his receipt of dental or medical care, but rather that he was required to pay for dental care while imprisoned. See Gardner v. Wilson, 959 F.Supp. 1224, 1228 (C.D. Cal. 1997). In effect, Plaintiff claims that although he had funds to pay a nominal $5.00 co-payment he has a constitutional right to free medical treatment while imprisoned. Id. There is no merit to Plaintiff's claim. As the Ninth Circuit has found that an inmate does not state a claim under the Eighth Amendment when he cannot allege that he was denied medical treatment because he was unable to pay a nominal co-payment or fee. Id. (citing Shapely, 766 F.2d at 408; see also Reynolds v. Wagner, 936 F.Supp. 1216, 1223 (E.D. Pa. 1996) ("although the government must provide medical care, the Supreme Court has never held the government must pay for it"); Bihms v. Klevenhagen, 928 F.Supp. 717, 718 (S.D. Tex. 1996) ("If the inmate can pay for his medical care, then the state may require reimbursement."); Johnson v. Department of Pub. Safety & Corr. Serv., 885 F.Supp. 817, 820 (D. Md. 1995) ("because the policy mandates that no one shall be refused treatment for an inability to pay, the co-pay policy will not result in a denial of care"); Martin v. Debruyn, 880 F.Supp. 610, 614 (N.D. Ind. 1995) ("Nothing in the Eighth Amendment . . . requires a state to provide an inmate, free of charge, with a necessary commodity that would not be free outside the prison walls and which the inmate has the legal means to obtain."); cf. Revere v. Massachusetts General Hospital, 463 U.S. 239, 245 n. 7, 103 S.Ct. 2979, 2984 n.7, 77

///

///

L.Ed.2d 605 (1983) ("Nothing we say here affects any right a hospital or governmental entity may have to recover from a detainee the cost of the medical services provided to him."). Therefore, the court finds that Plaintiff has not stated a claim for relief under the Eighth Amendment.

### D.   **Due Process -- Fourteenth Amendment**

Pursuant to the state penal code, "[i]nmates shall be charged and inmates shall pay a fee of five dollars ($5.00) for each inmate-initiated health care visit." Cal.Penal Code § 5007.5(a).[1] This fee is "charged to the trust account of the inmate." Id. § 5007.5(b).

Plaintiff alleges that funds were improperly taken from his prison account for a $5.00 co-payment for his dental care, in violation of "CCR Title 15 § 3354.2(c)(4)(D)." 2ACP, Doc. 20 at 3. According to Plaintiff, the co-pay should have been waived purportedly because the health care visits were not "inmate-initiated" health care visits. Cal.Penal Code § 5007.5(a) (formerly Cal. Code Regs. tit. 15 § 3354.2). Furthermore, Plaintiff asserts that on March 1, 2019, the CDCR Health Care Receiver abolished the $5.00 co-payments while this case was pending and Plaintiff seeks to recover "all $5 co-payments taken during this time." 2ACP, ECF No. 20 at 4.

"Due process protections extend only to deprivations of protected interests," Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (citing Bd. of Regents of State Colls. v. Roth, 408 U.S. 564, 569-70 (1972)), and prisoners have a protected property interest in the funds in their prison trust accounts, Shinault, 782 F.3d at 1057 (citing Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985)). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick, 754 F.2d at 1524, "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process

///

///

---

[1] Cal.Penal Code § 5007.5 was previously numbered Cal. Code Regs. tit. 15 § 3354.2.

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

Plaintiff alleges in the Second Amended Complaint that his rights were violated by an "unauthorized intentional deprivation under the Fourteenth Amendment." 2ACP, ECF No. 20 at 4. A state agency "violates the Due Process Clause of the Fourteenth Amendment when it prescribes and enforces forfeitures of property '[w]ithout underlying [statutory] authority and competent procedural protections.'" Nevada Dept. of Corrections v. Greene, 648 F.3d 1014, 1019 (9th Cir. 2011) (quoting Vance v. Barrett, 345 F.3d 1083, 1090 (9th Cir. 2003)).

To the extent that Plaintiff alleges the trust account deductions forming the basis for his procedural due process claim were not authorized by the state and were allegedly imposed by staff in direct contravention of the state's procedures governing such deductions, these deductions are not redressable under the Due Process Clause. Hudson, 468 U.S. at 533 ("The state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligence conduct," and such a deprivation "does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if the state "provides a suitable postdeprivation remedy."); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) ("California law provides an adequate post-deprivation remedy for any property deprivations."). Here, Plaintiff has an adequate remedy under California law. See Cal. Gov't Code §§ 810-895; Barnett, 31 F.3d at 816-17.

To the extent that any process is due to Plaintiff, Quick, 754 F.2d at 1523; Campbell v. Miller, 787 F.2d 217, 222 (7th Cir.), cert. denied, 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986), the process due is minimal. Gardner, 959 F. Supp. at 1229. Plaintiff had notice of the law which authorized the CDCR to charge him. Further, there is a grievance system available at the prison which was utilized by Plaintiff to challenge any erroneous charges against his inmate account. Cal.Code Regs. tit. 15, § 3084.1 (1995), id. Due Process requires no more than notice and the post-deprivation grievance process. Id. (citing Myers v. Klevenhagen, 97 F.3d 91, 95–

///

///

96 (5th Cir. 1996) (notice and adequate post-deprivation remedy); Reynolds, 936 F.Supp. at 1227 (same); Scott v. Angelone, 771 F.Supp. 1064, 1067 (D.Nev. 1991) (no due process violation where money for medical charges deducted from inmate's account)). Here, Plaintiff has not set forth a claim for relief under the due process clause of the Fourteenth Amendment. Accordingly, the court finds that Plaintiff fails to state a cognizable federal due process violation for the deprivation of his property.

## V.  CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state a cognizable claim against any of the Defendants in the Second Amended Complaint. Therefore, the court shall recommend that this case be dismissed for failure to state a claim.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court. Plaintiff has not stated any claims upon which relief may be granted under § 1983 in the Second Amended Complaint. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, with prejudice, for failure to state a claim upon which relief may be granted under § 1983; and

2. The Clerk be directed to CLOSE this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen days** of the date of service of these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 15, 2019**        /s/ Gary S. Austin
                                  UNITED STATES MAGISTRATE JUDGE