# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH REAGAN CARTER, | 1:17-cv-01374-DAD-GSA-PC |
| Plaintiff, | **ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL** |
| v. | **(ECF No. 28.)** |
| CALIFORNIA HEALTH CARE SERVICES, et al., | |
| Defendants. | |

Plaintiff, Keith Reagan Carter, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.

On October 10, 2019, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. On August 15, 2019, the Court entered findings and recommendations, recommending that this case be dismissed for Plaintiff's failure to state a claim upon which relief may be granted. (ECF No. 26.) Therefore, it appears that Plaintiff is unlikely to succeed on the merits. Plaintiff asserts that he is indigent, unable to afford counsel, and needs professional assistance so that his interests may be protected. These conditions, although unfortunate, do not make Plaintiff's case exceptional under the law. Plaintiff's case stems from allegations that prison staff improperly and unexpectedly deducted funds from his prison trust account for $5.00 co-payments for medical and dental care at the prison, violating his rights to due process and medical care. Plaintiff alleges that his requests for return of the funds were denied. These claims are not complex, and a review of the record shows that Plaintiff is responsive, adequately communicates, and is able to articulate his claims. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **October 17, 2019**          **/s/ Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE