| | |
|---|---|
| KEITH REAGAN CARTER, <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA HEALTH CARE SERVICES, et al., <br><br> Defendants. | No. 1: 17-cv-01374-DAD-GSA (PC) <br><br> <u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DISMISSING ACTION WITH PREJUDICE DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM</u> <br><br> (Doc. No. 26) |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Keith Reagan Carter is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action brought pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 15, 2019, the assigned magistrate judge screened plaintiff's second amended complaint and issued findings and recommendations, recommending that this action be dismissed with prejudice due to plaintiff's failure to state a cognizable claim. (Doc. No. 26.) The findings and recommendations also recommended that the granting of further leave to amend would be futile because the defects in plaintiff's second amended complaint were not capable of being cured through amendment. (*Id.* at 10.) On October 10, 2019, plaintiff filed objections to the findings and recommendations.

/////

1

1 | In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis. In his objections, plaintiff does not meaningfully dispute that his complaint fails to allege a cognizable claim and that leave to amend would be futile given that the defects in his complaint are not curable by amendment. Accordingly, the court will adopt the findings and recommendations.

Lastly, on November 26, 2019, plaintiff filed a motion with the court "for ancillary funds and service" and a "supplemental application to state a claim." (Doc. Nos. 34, 35.) In the first filing, plaintiff asks the court for "ancillary funds in the amount of $500.00," which he claims are "reasonably necessary for preparation and or presentation while being housed in . . . Jail." (Doc. No. 34 at 1.) The court does not have the ability to provide plaintiff with monetary funds. With respect to plaintiff's second miscellaneous filing, it appears that he is seeking leave to amend his complaint to add additional claims, including claims for intentional infliction of emotional distress and unfair business practices. (Doc. No. 35 at 1.) The court construes this filing as a motion brought pursuant to Federal Rule of Civil Procedure 15(a)(2). However, "a district court need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, for the reasons stated in the pending findings and recommendations, the court finds that further amendment would be futile. Accordingly, the court will deny both of plaintiff's miscellaneous motions.

For the reasons set forth above:

1. The findings and recommendations issued on August 15, 2019 (Doc. No. 26) are adopted in full;
2. This action is dismissed with prejudice due to plaintiff's failure to state a cognizable claim;

/////

2

3. Plaintiff's miscellaneous motions (Doc. Nos. 34, 35) are denied; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 2, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE